IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS SUTTON<br><br>    v.<br><br>MARIROSA LAMAS, et al. | CIVIL ACTION<br><br>NO.  13-2240 |

MEMORANDUM RE OBJECTIONS TO
REPORT AND RECOMMENDATION

**Baylson, J.**                                                                                               **June 18, 2014**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 resulting from a state court judgment of sentence following petitioner's conviction for robbery on August 9, 2006.  Magistrate Judge Hart prepared a Report and Recommendation dated April 7, 2014 (ECF 19) as to which petitioner has filed objections.

We will first quickly dispose of petitioner's objections asserting that his sentence was illegal and excessive and that the robbery conviction was inconsistent with the jury's finding that he was not guilty of weapons offenses.  These claims are not cognizable on a post-conviction position under 28 U.S.C. § 2254 because they rest on independent state criminal jurisprudence grounds and do not raise federal constitutional issues.

As to petitioner's claim that he was deprived of his rights under the confrontation clause of the Constitution, Magistrate Hart reviewed this claim in detail and concluded that petitioner did not raise the specific grounds in his state court trial, direct appeal, or Post-conviction Relief Act proceedings; and, therefore, this claim was procedurally barred.  The Court agrees with that conclusion, and petitioner may not, now that he is in federal court, raise these specific factual claims for the first time.  Even if the Court considered the merits, the petition would be denied.

Specifically, petitioner argues that all of the eye witnesses should have appeared for direct and cross examination at his preliminary hearing and at trial. Petitioner had previously only asserted ineffective assistance of counsel for failing to raise objections under the confrontation clause, which is not the same as raising specific denials of rights under the confrontation clause.

In any event, the claim for deprivation of Constitutional rights under the confrontation clause is without merit. Petitioner cites *Gerstein v. Pugh*, 420 U.S. 103 (1975), for the proposition that the Confrontation clause is implicated at a preliminary hearing when that hearing is adversarial in nature. Petitioner argues that based on this reading of *Gerstein* the Confrontation clause required all of the eye witnesses or victims of the robbery to testify at the preliminary hearing because it was adversarial in nature. Petitioner misreads *Gerstein*. In that case, the Supreme Court held that a prosecutor's assessment of probable cause was insufficient to justify restraint of liberty pending trial. *Id.* at 118-19. Petitioner relies on the following language in that opinion: "the importance of [determining probable cause] to both the State and the accused justifies the presentation of witnesses and full exploration of their testimony on cross examination," *id.* at 120. Although the Court stated that presentation of witnesses and cross examination is required if a preliminary hearing is adversarial, it did not say that all, or even any, victims or eye witnesses of a crime are required to testify at an adversarial preliminary hearing. As the Court went on to note, the "sole issue is whether there is probable cause for detaining the arrested person pending further proceedings." *Id.* Accordingly, so long as the government could establish probable cause that the Petitioner committed the crime for which he was being held without the testimony of the victims or eye witnesses, which Petitioner does not contest here, they were not required to testify at the preliminary hearing. *Gerstein* affords Petitioner no other ground.

Further, there is no requirement that every eye witness to a robbery must testify at a trial. Accordingly, Petitioner's Confrontation clause claim lacks merit and must be denied.

An appropriate Order follows.

O:\CIVIL 13\13-2240 sutton v. lamas\13cv2240.memo.6.16.14.docx